GILDERSLEEVE, J., not voting.

(26 Misc. Rep. 168.)

PEOPLE v. MOORE.

(Supreme Court, Special Term, New York County. January, 1899.)

1. CRIMINAL LAW—EVIDENCE—ARREST.
    In a criminal prosecution, evidence that defendant assaulted the arresting officer is competent.

2. SAME—REMARKS OF COURT—ERROR CURED.
    Evidence being offered to show that defendant assaulted the arresting officer, defendant objected to any evidence of an independent offense. In overruling the objection, the court observed that, if any of the evidence should disclose an offense different from that charged, the jury should disregard it, but that the jury might take the evidence for its value as bearing on the case. The jury were afterwards instructed to disregard any evidence of an assault on the officer, and not to allow it to prejudice them. Held, that the first statements of the court were not prejudicial.

3. SAME—APPEAL—HARMLESS ERROR.
    In answer to a question intended to show that a defendant charged with robbery was guilty of bigamy, witness stated that defendant was the husband of witness' daughter. The court, on objection, ordered the answer stricken out, and instructed the jury to disregard it. The case was not doubtful. Held, that the answer was harmless.

4. SAME—CREDIBILITY OF WITNESSES—INSTRUCTIONS.
    The court charged that the jury were the sole judges of what facts were proven, and, in commenting on testimony of particular state's witnesses, charged that the jury were the sole judges of the credibility of the witnesses, and might consider that their testimony was uncontradicted, but that even then it need not be accepted as true. Held, that it was not error as laying stress on the fact that the particular witnesses were not contradicted.

5. INDICTMENT—JOINDER OF COUNTS—ELECTION.
    Where an indictment charges a robbery in three counts,—first, while armed; second, by aid of an accomplice; and, third, by an assault,—the prosecuting attorney need not elect under which count to submit the case.

William A. E. Moore was indicted for robbery, and applies for a certificate of reasonable doubt. Denied.

The indictment charged the offense in three counts: First, while armed with a dangerous weapon; second, by the aid of an accomplice; and, third, by an assault and the infliction of grievous bodily harm.

Abraham Levy, for petitioner.

Asa Bird, Gardiner, Dist. Atty., and John F. McIntyre, Asst. Dist. Atty., for the People.

NASH, J. Application for certificate of reasonable doubt. The first ground of error assigned as a reason why a stay should be granted is that the court permitted evidence to be introduced establishing the commission of a separate and distinct felony by the defendant, namely, an assault committed by the defendant upon the officer making the arrest. The conduct of the accused at the time of arrest

is a proper matter of inquiry always. In this instance the defendant partly opened the door of his room with a loaded revolver in his hand, and, upon the attempt of the officer to enter, assaulted him, striking him on the head with the pistol, inflicting a severe wound, and the assault was continued after the officer informed the defendant that he was a policeman. It was competent to give these circumstances in evidence. The defendant's counsel seasonably objected to any evidence tending to show an independent offense. The court, in overruling the objection, stated that if, in the course of the witness' testimony, there should be disclosed any evidence tending to establish another and different criminal act from that which the defendant is on trial for, the jury will disregard it, adding that the jury might take the evidence for what it was worth in its bearing upon the case. After this observation made by the court, the evidence was given, under objection and exception, and the incident as to the reception of the evidence closed.

It is urged that the court instructed the jury correctly and incorrectly, and therefore it was misleading and prejudicial to the defendant. It will be observed that the observations of the court were made before the reception of the evidence. In the charge, however, the jury were unqualifiedly instructed by the court that, in so far as the testimony given might tend to show that the defendant committed an assault upon the officer arresting him, it had nothing at all to do with the case; that the jury were to disregard it, and not to allow it to prejudice them against him.

A further ground urged is that prejudicial error was committed in introducing the evidence of Margaret Gaw, and the fact elicited that her daughter was the wife of the defendant. The witness Margaret Gaw was called to identify a paper as in the handwriting of the defendant, which was marked for identification. She was then asked, "Is the defendant at the bar the husband of your daughter?" And she replied, "Yes, sir." The defendant's counsel then objected. The objection was sustained, and the court ordered the answer stricken out, and, upon being asked if the court would "instruct the jury to disregard it," the court replied, "I will; I so instruct the jury." The answer of the witness did not amount to proof of the fact that the defendant was a bigamist, and, besides, it was made harmless by direction of the court. As to both of these matters affecting the character of the defendant, it cannot be presumed that either of them had any influence upon the jury in rendering their verdict. They could not be regarded of any serious moment, unless the case were a close or doubtful one upon the evidence.

The further ground of error assigned is that the charge of the court passed the line which marks the limit of judicial functions. The charge is characterized as an eloquent summing up in behalf of the prosecution and the marshaling of the salient facts favorable to the prosecution, but particularized only in this: that, in referring to the testimony of Detective Sergeant McNaught, the court laid stress upon the fact that the jury should consider "that there has been no contradiction of his testimony," and that the court committed the same error by singling out a material portion of the testimony of Mahon as

uncontradicted and unimpeached.  After a careful reading of the charge, my conclusion is that no error was committed, and that the criticisms of counsel upon the charge of the court are unwarranted. The charge was a clear, able, and impartial presentation to the jury of the law applicable to the case, and of the rules of evidence which they were to observe in their consideration of it.  The jury were told that, upon all questions touching the credibility of the witnesses, they were the exclusive judges; that they were to bear in mind that, in stating the matters as to which evidence had been given, the court was not assuming that the facts were proved.  In the course of the charge the learned recorder said:

"I am simply going over the points of the testimony which I tell you is simply necessary for you to bear in mind in order that you may render a just and true verdict in the case.  Whether these matters have been proven or not, as I have before told you, is for you to determine, and will bear that in mind all through my charge."

It cannot be said that any particular stress was laid upon the fact that McNaught was not contradicted.  The reference to the fact was perfectly proper.  The court said:

"The witness McNaught was a detective sergeant at the time and is yet. From his appearance upon the witness stand, his manner of testifying, and all the surrounding circumstances, you are to judge of his credibility; and, in forming a judgment upon that point, you may consider that there has been no contradiction of his testimony."

In referring to the testimony of Mahon, the court said that Mahon, the woman Fayne Moore, and the defendant were the only persons in the room at the time the occurrences related by Mahon took place, and as to which he was the only witness who had testified, and he had not been contradicted.

"His testimony," the court said, "is before you, undisputed and uncontradicted, and he has sworn to what took place in that room.  Now, to believe him or not to believe him is wholly within your province."

Subsequently, in his charge, the court said:

"I have told you, gentlemen, that the question of the credibility of witnesses is one exclusively for your determination.  That question is one of fact.  Even though a witness' testimony be uncontradicted, you are not bound to accept his testimony as true, because you may form a judgment of a witness, and determine whether he was telling the truth or not from his manner and from the surrounding circumstances; and you can judge of his motive, if any, whether he is actuated by a motive to testify untruly or truly.  You are to determine the motives as well as the weight of the testimony of a witness."

The motion to require the district attorney to elect under which count of the indictment he intended to submit the case was properly denied.  The rights of the defendant throughout the conduct of the trial, including the charge of the court, seem to have been most carefully protected.  I am unable to find that there was any error committed upon the trial which will warrant the granting of a certificate of reasonable doubt.

Application denied.