Francis J. Donovan, J.
The information charges defendant \with the violation of section 1851 of the Penal Law in that he obstructed a public officer in the discharge of his duties.
*943 Defendant had been previously convicted of violating section 722 of the Penal Law but the conviction was reversed on appeal and the information dismissed. While there are some differences between the facts alleged in the present information and the facts litigated on the prior trial, nevertheless they involve the same general incident and are in great measure overlapping.
All of the grounds now urged by defendant in support of his motion to dismiss the information were previously urged on a similar motion which was denied by another Judge of this court. There is some question as to the binding effects of the prior determination. However, upon the argument counsel and the court proceeded on the assumption that the prior determination of the legal sufficiency of the information does not preclude the Trial Judge from again considering that question when presented — as it is here at the opening of the trial.
The opinion rendered on the prior determination adequately disposes of all grounds in objections save two:
1. Whether or not there is sufficient particularity of factual statements;
2. Whether the reversal of the prior conviction for disorderly conduct is res judicata of factual issues sought to be raised anew in the present prosecution.
The essential elements of a violation of section 1851 of the Penal Law are two:
1. That the public officer was engaged in performing a duty.
2. That the defendant acted in a manner that interfered with the officer.
Facts must be alleged to establish each element of the charge (People v. Zambounis, 251 N. Y. 94). The information states that the officer was attempting to arrest defendant on the ground that the officer had reasonable cause to believe that a felony had been committed and reasonable cause to believe that defendant had committed the felony. The only factual statement set forth in the information is to the effect that a named individual had informed the officer that he had observed ‘ ‘ the commission of a felony ” and gave the officer a description of the perpetrator and the locality where the crime was committed.
A reasonable degree of particularity would require something more than the officer’s conclusion that “ the commission of a felony” was reported. The least that should be done is to set forth the substance of the information that Avas furnished to the officer. No conclusion as to whether the officer had reasonable cause for his belief can be drawn unless the information supplies the basic facts upon which the officer reached his conclusion.
*944 I therefore find the information insufficient for failure to set forth such facts.
I do not however agree with the defendant’s contention that an affidavit of the informant must be annexed. Both the officer and the informant should have personal knowledge of what passed between them. The prosecutor need not set forth all the evidence in the information. It will suffice if the officer having personal knowledge of the facts stated them. Corroboration by the informant is not required.
A new information may be filed which supplies the necessary facts and the prosecution may then proceed anew. In the interest of achieving finality I find a second reason for dismissing the information.
Defendant has urged that the present prosecution violates his constitutional rights since it constitutes double jeopardy. The opinion of Judge Pantano on the prior motion adequately disposed of this objection citing pertinent authority. Suffice it to say here that the charge of disorderly conduct is not the same offense as the charge of obstructing a public officer. A conviction on the disorderly conduct charge would not bar a conviction on a subsequent charge of obstructing a public officer.
The difficulty here comes not by way of double jeopardy but on a kindred theory, namely that the prior adjudication of the facts in issue is binding in all subsequent prosecutions.
The record on the prior trial has been placed before me.
I find that the legality of the arrest was in issue as well as the general resistance of the defendant, including his tantrums and struggling with the officer. The reversal by Judge Widlitz was “ on the law and on the facts.” This constituted an adjudication of those factual issues in favor of the defendant. In criminal, as in civil cases, those facts may not be again litigated (People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687; People v. Grzesczak, 77 Misc. 202).
It therefore follows that the prosecution is foreclosed from litigating the essential issues framed by the information, namely the legality of the arrest and the justification of the general resistance by the defendant and the information must be dismissed.
The District Attorney is requested to submit an appropriate order.