THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT DREARES, Defendant-Appellant.

First Department, December 7, 1961.

*Stanley Hendricks* for appellant.

*Frederick J. Murphy* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

BREITEL, J. P. Defendant was convicted of assault in the third degree (Penal Law, § 244), after trial in the Court of Special Sessions. The prosecution resulted from his having violently resisted arrest by Transit Authority police upon a charge of loitering in a subway station (Penal Law, § 1990-a, subd. 2), a charge of which defendant was later acquitted.

The subway station in question is an unusually large one, with extended, wide platform and mezzanine levels. It is common knowledge that crimes have occurred in the recesses of such platforms, and this court has had cases involving crimes of violence committed in such stations at hours when there were few persons about. The two transit officers, who are peace officers, in plain clothes, observed defendant standing on the mezzanine level, intermediate between two train platform levels, at 5 o'clock in the morning. He stood near the women's toilet for approximately 15 minutes. When asked by one of the officers what he was doing he first replied that it was none of their business; but after the officers displayed their shields he, according to one of the officers, but not the other, eventually said he was waiting for a train. When asked why he was not waiting on the train platform, defendant merely shrugged his shoulders. The officers then arrested him; but he broke away from their grasp and was later subdued, after inflicting minor injury upon one of the officers.

The loitering charge, as noted earlier, ended in an acquittal in the Magistrates' Court. Defendant was then prosecuted for third degree assault, a charge also made at or about the time of his arrest for loitering, and convicted, and this appeal was taken.

For the reasons that follow the conviction must be reversed and the defendant acquitted.

The explanation by defendant to at least one of the officers was not wholly convincing or satisfactory under the circum-

stances, but there is serious question whether one so situated has an obligation to speak or how extensive is the obligation, if there be any at all (*People* v. *Bell*, 306 N. Y. 110, *infra*). Certainly, however, it was not established that defendant intentionally misled the officers, either by refusing entirely to explain his presence or by offering only a provocative answer to their inquiry.*

The prior acquittal for loitering, which is not disputed, is determinative that defendant was not guilty of the underlying offense for which he was arrested (e.g., 2 Freeman, Judgments [5th ed.], § 648; Doctrine of Res Judicata in Criminal Cases, Ann. 147 A. L. R. 991; 50 C. J. S., Judgments, § 754; *People* v. *De Sisto*, 27 Misc 2d 217, 236–249; *People* v. *Walker*, 25 Misc 2d 942, 944; *Parrott* v. *Commonwealth*, 287 S. W. 2d 440 [Ky.]). This follows from and is simply a special application of the principle that as to each element in a criminal case, and not only on the whole case, the People must establish guilt beyond a reasonable doubt (1 Wharton, Criminal Evidence [12th ed], § 16).

Such acquittal, then, raises the issue as to the lawfulness of the arrest in which defendant forcibly resisted the transit officers. The rule in this State is that an arrest without a warrant for an offense less than a felony must be posited upon the actual commission of the crime or offense in the presence of the arresting person (Code Crim. Pro., § 177; *Stearns* v. *Titus*, 193 N. Y. 272, 275). Defendant's prior acquittal of the crime for which he was arrested consequently established the arrest to have been unlawful, and he was therefore entitled to resist such an arrest with reasonable force (*People* v. *Cherry*, 307 N. Y. 308).

Elsewhere than in this State, of course, there are statutory provisions authorizing arrest upon probable cause to believe that an offense less than a felony has been committed in the arresting officer's presence. In New Hampshire, Delaware and Rhode Island, the Uniform Arrest Act has been adopted, which so provides (N. H. Rev. Stats., ch. 594; Del. Code, tit. 11, ch. 19; R. I. Gen. Laws, tit. 12, ch. 7). In California, arrests upon such probable cause were first approved judicially and later expressly authorized by legislation (*Coverstone* v. *Davies*, 38 Cal. 2d 315,

---

* Defendant had a plausible detailed explanation which he did not reveal until he was tried for loitering. It was that he was waiting for either an Eighth Avenue or a Sixth Avenue train, since either would suit his purpose and he was ready to take the first which arrived at the station at that early morning hour. Since the different lines operated on different levels separated by the mezzanine, he waited on the mezzanine near the stairway.

cert. denied *sub nom. Mock* v. *Davies,* 344 U. S. 840; *People* v. *Bradley,* 152 Cal. App. 2d 527; *People* v. *Burgess,* 170 Cal. App. 2d 36; Cal. Penal Code, § 836, as amd. in 1957).

In a few other States, similar doctrines have been evolved by decisions or stated in legislation (e.g., Ill. Rev. Stat., ch. 38, § 657; Wis. Stat., § 954.03; Mass. Gen. Laws, ch. 41, § 98; *Cave* v. *Cooley,* 48 N. M. 478; *State* v. *Rigsby,* 124 W. Va. 344; *Ryan* v. *Conover,* 59 Ohio App. 361; *Commonwealth* v. *Chaplin,* 307 Ky. 630; but, see, *State* v. *Mobley,* 240 N. C. 476).

The New York courts, it is true, have viewed the requirement that the offense be committed in the officer's " presence " with realistic liberality (e.g., *People* v. *Foster,* 10 N Y 2d 99, in which the several opinions of the court provide a most interesting analysis of the problem and its practical aspects; *People* v. *Esposito,* 118 Misc. 867). But there has nevertheless been strict adherence to the view that actual commission of a misdemeanor or offense, rather than " probable cause ", is necessary to permit a summary arrest without a warrant (*Marks* v. *Baltimore & Ohio R. R. Co.,* 284 App. Div. 251, 253).

Always, of course, the rules as applied in a civil case for false arrest and in a criminal case for assault arising out of an alleged false arrest should be differentiated (Prosser, Torts [2d ed.], p. 110; Model Penal Code, Tentative Draft No. 8 [Amer. Law Inst., 1958], § 3.07, incl. Comments).

Under the rule in *People* v. *Bell* (306 N. Y. 110), the provision in the loitering statute for calling upon a suspected person to explain his presence has been construed as merely establishing a condition precedent to prosecution. The insufficiency or incredibility of the explanation given at the time of arrest, or even the failure to give any explanation, is not an element of the crime, and, presumably, the police officer must proceed at the risk that the arrest may prove to be unlawful. This may mean, then, that in certain circumstances a police officer may be duty bound to make an arrest on facts known to him, and be subsequently found in the ensuing prosecution (or even in a civil case which might arise from the transaction) to have made an unlawful arrest ascertained and ascertainable only after the arrest. However, because of the explanation defendant made to at least one of the officers, the court does not reach the very difficult question whether a person suspected of loitering may resist arrest, made on objectively valid grounds, even though he has declined, upon request, to provide a true explanation for his presence which he knows would or should dispel such apparent grounds for lawful arrest. (See discussion of loitering provisions, undoubtedly to be changed in some respects, in Model

208

Penal Code, Tentative Draft No. 13 [Amer. Law Inst., 1961], pp. 59–65; cf. Restatement, Torts, § 119, especially cl. [e].)

At least one member of the court is of the view that the evidence in the record does not sustain a charge of assault, even if the trial court were viewing the case without the effect of the prior acquittal on the loitering charge.

Accordingly, the judgment of conviction should be reversed on the law only, and the information dismissed.

RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Judgment of conviction unanimously reversed on the law only, and the information dismissed.