Jerome B. E. Wolff, J.
The defendant and others were charged by an indictment for the following crimes:
First count, robbery, first degree, in violation of sections 2, 2120 and subdivision 2 of section 2124 of the Penal Law; second count, robbery, first degree, in violation of section 2120 and subdivision 4 of section 2124; third count, burglary, third degree; fourth count, grand larceny, second degree; fifth count, assault in the second degree, subdivision 3 of section 242.
On November 20, 1961, Lester Gardner, the defendant and petitioner on this motion, entered a plea of guilty to the fourth *158 count of the indictment alleging grand larceny, second degree, in violation of sections 1290 and 1296 of the Penal Law, and entered a plea of guilty to the fifth count of the indictment of assault in the second degree in violation of subdivision 3 of section 242 of the Penal Law of the State of New York, and was sentenced for an indeterminate term of a minimum of two and one-half years and a maximum term of five years on each count, both sentences to run consecutively.
The defendant on his motion contends that the two crimes for which he was sentenced arose from the same transaction or incident and therefore the consecutive sentences imposed upon him were violative of section 1938 of the Penal Law.
Since the defendant pleaded to the indictment, the court has had to resort to the probation report and the minutes of the Grand Jury in order to ascertain what the circumstances were surrounding the commission of the two crimes. The facts are succinctly stated as follows:
The defendant was in the apartment of a Thomas Sullivan, when an altercation took place between the defendant and the complainant. This assault had terminated, when a few moments later, the two codefendants entered the apartment and then all three defendants proceeded to brutally beat the victim for a prolonged period in order to force him to disclose the location where he kept his money hidden. It is not clear when the defendant took the wallet containing $2 from the victim.
Evidently, the assault upon the victim and the continuation of the assault was intended as means of torture to discover the location of the money of the victim, even though the wallet had already been removed from the victim. There was some evidence that the defendant had misinterpreted a statement of the victim that he had just returned from a bank. The apartment had been searched extensively by the three defendants.
One of the tests in reference to consecutive sentences where an indictment charges multiple crimes, is the opinion of the court in the case of People ex rel. Thornwell v. Heacox (231 App. Div. 617, 618-619) wherein it stated: “ The court exceeded its powers in sentencing relator as it did. It could only pass judgment on the count in the indictment which charged the highest grade of offense. ’ ’
In this instant case, both the assault and the grand larceny convictions carry the same maximum terms of imprisonment, so therefore this test cannot be used in this specific case.
In the case of People ex rel. Maurer v. Jackson (2 N Y 2d 259) wherein the court reviewed sentences that were ordered to run concurrently and not consecutively, the court went on to *159 distinguish various cases prior to that time involving consecutive sentencing. The court on page 264 made the distinction between the various cases that have been decided theretofore and the rule that was to be followed in determining whether or not consecutive sentences should be imposed. The court stated: “It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction (People v. Repola, 305 N. Y. 740; People ex rel. Poster v. Jackson, 303 N. Y. 680 * * *).
It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, it would have to be a single punishment (People v. Repola * * * supra; People v. Plesh, 283 App. Div. 868 * * *).” This same test was reiterated in the case of People ex rel. Sams v. Murphy (8 A D 2d 460). “ Section 2190 (subd. 4) of the Penal Law authorizes the imposition of separate consecutive or concurrent sentences. Section 1938 forbids multiple punishment, not multiple convictions, or sentences that do not spell punishment.” (People ex rel. Maurer v. Jackson, supra, p. 269.)
It has been suggested in the case of People v. Ravarese (1 Mise 2d 305, 326) that the test in order to determine whether there is or is not double punishment should be: “ Were all of the acts performed necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime ’ ’ % This test was also reiterated in People v. De Sisto (27 Misc 2d 217). This test may be of some use where there is a trial record to peruse before the court, but in this specific instance, the court has only before it, the indictment, the Grand Jury minutes, and the probation report from which to glean some substance as to what the surrounding circumstances were at the time that the crimes were committed. This particular test or rule, fundamentally is the same as used in People ex rel. Maurer v. Jackson (supra) and especially as in the case of People v. Oliver (4 A D 2d 28).
It is the opinion of this court that the crimes to which the defendant pleaded guilty were separate crimes, in that, separate and distinct acts were committed. The assault and its continuation was solely for the purpose and motive to discover a hidden cache of money. The act of taking of the wallet was unrelated to the assault and was not a material element constituting a violation of the crime of assault.
The petition is in all respects denied.