CHEMICAL LEAMAN TANK LINES, INC., Respondent, v. ANNE STEVENS et al., Appellants.

Third Department, July 14, 1964.

*Latham & Mogavero* (*Livingston S. Latham* of counsel), for appellants.

*Night, Keller & Relihan* (*Walter J. Relihan, Jr.* of counsel), for respondent.

GIBSON, P. J. The jury, by its verdict, rejected defendant operator's testimony that while her car, preparatory to turning, was stopped in its proper lane, plaintiff's tractor-trailer, approaching from the opposite direction, after sudden application of its brakes left the pavement on its own side and overturned. In accepting the version tendered by plaintiff's operator, the jury very likely gave controlling weight to a report of accident made by a Deputy Sheriff, who did not testify, which was identified by the testimony of the Undersheriff who said that it was an accident report, " a usual form made out after each automobile accident by the investigation officer ", whose duty it was to prepare it; that the signature upon it was that of the Deputy Sheriff whom the witness had dispatched to the scene of the accident; that the report was regularly kept in the course of the regular business of the Sheriff's department and

was produced from the files of that department. The portion of the report received, over the objection that it constituted hearsay, quoted defendant operator, the driver of car 2, as follows:

"Driver of car 2 said she was going to turn into driveway of (C. Priester). Seen car 1 coming thought she could make it across into driveway. Said she started to turn into driveway and seen car 1 coming closer, said she then hit the brakes and stopped. Driver of car 2 said she did not know where her car stopped. Driver of car 2 said she was going north on rt #10 before starting to turn toward Hobart. Said she did have signal light on."

Clearly, the document was properly received as a business record, the proof satisfying each of the specific conditions imposed upon its admissibility by section 374-a of the Civil Practice Act (now CPLR 4518, subd. [a]), rendering competent "a memorandum or record of any act, transaction, occurrence or event * * * if * * * made in the regular course of any business" provided "it was the regular course of such business to make it, at the time * * * or within a reasonable time thereafter."

We find the facts in *Kelly* v. *Wasserman* (5 N Y 2d 425) completely parallel and the decision directly in point. In each case was involved a record of a department of the government, of a kind and form required to be maintained by it. In each case, the entries were made by the person whose duty it was to interview the informant or declarant and to record his answers; and in each case the statement was relevant to the department's investigation and to its business. In the case before us, the objection under the hearsay rule is not sustainable (*Kelly* v. *Wasserman, supra,* p. 429, citing *Matter of Coddington,* 307 N. Y. 181, 195); but, as in *Kelly,* the statements would have been admissible, in any event, as admissions of a party; and, again as in *Kelly,* the entrant's availability for cross-examination was not a requirement within the contemplation of the statute. A police report of this nature was directly involved in *Zaulich* v. *Thompkins Sq. Holding Co.* (10 A D 2d 492, 494, 496) and was held admissible, and, in our view, correctly so.

The judgment should be affirmed, with costs to respondent.

HERLIHY, REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment affirmed, with costs to respondent.