John T. Casey, J.
In two separate counts, the first a felony, the second a misdemeanor, Indictment No. R-2047 of the Rensselaer County Court accuses the defendant of the crimes of assault, second degree (Penal Law, § 242) and resisting a public officer in the discharge of his duties (Penal Law, § 1851) in haec verbal
The Grand Jury of the County of Rensselaer, by this Indictment, accuse the above named Defendant of the crime of Assault in the Second Degree, committed as follows:
*694 The said Defendant, in the County of Rensselaer, on or about the seventh day of April, 1964, with intent to prevent and resist the lawful apprehension and detention of said Defendant, wilfully and wrongfully assaulted one Michael J. Pastore, a Police Officer of the City of Troy, New York, by striking him about the face and body and by pushing him and by shoving him, all in violation of Section 242, Sub-division 5, of the Penal Law of the State of New York.
SECOND COUNT
And the Grand Jury aforesaid, by this Indictment, further accuses the above named Defendant of the crime of resisting public officer in the discharge or his duty, committed as follows:
The said Defendant, in the City of Troy, at the same time and place mentioned in the first count of this Indictment, did wilfully resist, delay and obstruct a Police Officer, to wit, one Michael J. Pastore, a Police Officer of the City of Troy, New York, while said Officer was attempting to discharge a duty of his Office, to wit: to apprehend and detain the said Defendant and to deliver him to the Central Police Station in the City of Troy, all in violation of Section 1851 of the Penal Law of the State of New York.
In its entirety, section 1851, the subject of the defendant’s motion here, is entitled £ £ Resisting public officer in the discharge of his duty ” and provides “ A person who, in any case or under any circumstances not otherwise specially provided for, wilfully resists, delays or obstructs a public officer in discharging or attempting to discharge, a duty of his office, is guilty of a misdemeanor”.
Preliminary to the trial of the allegations of the indictment, the defendant has moved this court for a dismissal of the second count of this indictment, urging that the lesser charge cannot prevail as a matter of law primarily because the acts underlying both counts of the indictment are identical in fact and, therefore, violative of sections 278 and 279 of the Code of Criminal Procedure which prohibit charging more than one crime in one indictment. The defendant claims, at very least, the lesser of the two counts must fall.
A second ground for dismissal is predicated on the defendant’s interpretation of the wording of section 1851 of the Penal Law embodied in the words £ £ in any case or under any circumstances not otherwise specially provided for ”. In this regard, he argues that the charge of assault, second degree, in this indictment is such a situation as “is specially provided for” and falls within the quoted restrictive wording of this statute (§ 1851) preventing prosecution under section 1851 as long as the assault count remains.
Inasmuch as this is a motion preliminary to trial, no proof has as yet been adduced to determine whether the acts alleged against the defendant in both counts of the indictment are *695 identical in fact or separate and distinct acts arising out of a single factual transaction.
If, as the defendant claims, however, the acts underlying both counts of the indictment are identical, certainly sections 278 and 279 of the Code of Criminal Procedure would not be violated for, squarely then, the transaction would fall within the exception of section 278 of the code which provides that ‘ ‘ The indictment must charge but one crime and in one form except as in the next section provided ” (italics supplied) and section 279 expressly limits section 278 in the words that “ When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts”. (Italics supplied.)
This determination, however, is but partial answer to the defendant’s contention and not wholly determinative of this motion.
The importance of the proposition as to whether the acts alleged against this defendant in both counts of the indictment are identical in fact or separate in fact but arising out of the same transaction relates integrally and exclusively to the question of punishment (Penal Law, §§ 1938, 2190, subd. 4).
In a single criminal transaction, if separate and distinct criminal acts are committed, and these violate more than one section of the Penal Law, separate and even consecutive punishments for each of them would be proper. (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 264, citing People v. Repola, 305 N. Y. 740, and People ex rel. Poster v. Jackson, 303 N. Y. 680. See, also, People v. Black, 18 A D 2d 719, holding that separable acts arising out of the same criminal transaction may be punished separately.) Nor is there any dispute that, if a single inseparable act violates more than one penal statute and is a material element of the violation of another, there would have to be single punishment. (People ex rel. Maurer v. Jackson, supra.)
While an act made criminal and punishable in different ways may be punishable only one way (Penal Law, § 1938), still, if the proof manifests the commission of separable and distinct criminal acts which might have been committed relatively at the same time and charged in one indictment, double punish *696 ment could be upheld. (People v. Savarese, 1 Misc 2d 305.) This case also outlines the test to determine whether the punishment should be single or double in the words: “ Were all of the acts performed necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime9" (People v. Savarese, 1 Misc 2d 305, 326, supra.)
Concurrent sentences on separate counts, however, have been held not to constitute multiple punishment in violation of section 1938. (People ex rel. Maurer v. Jackson, supra.)
The prohibition of section 1938 of the Penal Law relates only to double punishment with respect to different crimes arising from the same transaction and not to double jeopardy for convictions of separate and independent crimes resulting from the same act. (People v. Josie, 206 Misc. 704, mod. 286 App. Div. 995.)
Matter of Martinis v. Supreme Court (20 A D 2d 79) is not to the contrary for that decision does not hold that separate and distinct acts may not constitute separate and distinct crimes. But rather where in a separate first trial an essential element common to the commission of two or more crimes has been found not to exist, that defendant may not be tried for another crime though differently titled that seeks to establish this fact because of the constitutional prohibition against double jeopardy or because of the doctrine of collateral estoppel (Israel v. Wood Dolson Co., 1 N Y 2d 116; People v. Roderman, 34 Misc 2d 497).
In People v. Walker (25 Misc 2d 942) a disorderly conduct conviction tried prior to a violation of section 1851, which arose out of the same transaction, was reversed on appeal and never retried. Attempted trial of a violation of section 1851 • was then prevented because of the doctrine of equitable estoppel. (See, also, Matter of Gilchrist v. County Court, 21 A D 2d 746.)
Since this defendant has not yet been tried on any charges arising out of the alleged incidents against him, no resort may be had here to either double jeopardy or collateral estoppel for there can be no doubt that identical criminal acts can violate more than one penal statute and conviction may be had under either or both for section 1938 of the Penal Law forbids multiple punishments not multiple convictions or sentences that do not spell punishment. (People v. Gardner, 39 Misc 2d 157.)
In the matter of punishment, to which this motion must, therefore, necessarily relate, determination is impossible until the factual situation is bared or proof offered on the trial of the issues. In this respect, the defendant’s motion is premature.
*697 The defendant’s second ground for dismissal is, therefore, undertaken and now considered.
Argument has been advanced that whether or not the assault charge here is a separate act arising out of a single transaction or the identical act which also supports the violation of section 1851 in the second count of this indictment, the charge of assault is a case or at least circumstances “ otherwise specially provided for ’ ’ in section 1851 which makes these charges mutually exclusive and one or the other must fall or at least an election between the counts of this indictment must be compelled.
Section 279-a of the Code of Criminal Procedure does not require the People to elect between the counts any indictment except after the commencement of the trial and then only for good cause shown and in the interest of justice as the court in its discretion may direct. In People v. Goggin (256 App. Div. 995, affd. 281 N. Y. 611) no election was required where the same act was charged in separate counts of the same indictment as assault, second degree, and attempted rape, first degree. Nor was election required between counts of the same indictment for robbery, first degree, while armed, by aid of an accomplice and by assault. (People v. Moore, 26 Misc. 168.)
No direct authority has been offered or found for the use of the words ‘ ‘ in any case or under circumstances not otherwise specially provided for ” in the statute.
The statute has not been amended since its enactment in the Penal Law. In its present form, it is identical in wording to the statute from which it was derived (Penal Code, § 124) which dates to 1881. It is interesting to note that the 1864 Draft of the Penal Code stated substantially the same provisions of section 1851 but did not contain this clause of limitation. The reason for its insertion at the time of its passage into law as section 124 of the Penal Code is lost, however, in antiquity, for the notes of the revisers as to the intent and purpose of the clause have not been retained.
Originally, section 81 of title VI of chapter VII of part III of the Revised Statutes (2 Rev. Stat. 441, § 81), from which section 124 of the Penal Code was revised, punished resisters to arrest by a contempt proceeding.
An examination of the sections of the Penal Code adjacent to section 124 provided for situations akin to resisting arrest.
Section 119 of the Penal Code prescribed penalty for making arrests without lawful authority and section 120 for misconduct in the execution of search warrants.
These situations could be construed, therefore, as cases and circumstances “ otherwise specially provided for” which gave *698 to the person to be arrested the right to resist. For it would be impossible to prosecute a person for resistance to arrest where the arresting person, himself, had violated section 119 and/or section 120. In this sense, sections 124 in juxtaposition to sections 119 and 120 of the Penal Code would be mutually exclusive. These latter two sections, although amended in form, have found their place in sections 1846 and 1847 of the Penal Law charging misdemeanors for making arrest without lawful authority and misconduct in executing search warrants, and willful resistance to the illegality of this type of arrest would be no violation of section 1851. For, as the arrested party has a duty to submit to a lawful and proper arrest, a conviction under section 1851 will not lie where the arrest is unlawful. (People v. Richters' Jewelers, 265 App. Div. 767, affd. 291 N. Y. 161.) The situations mentioned in these sections (1846 and 1847) would be situations “ otherwise specially provided for ” in section 1851. Provided the citizen does not use more force than sufficient and necessary to resist an illegal arrest, he does have the right of resistance (People v. Cherry, 307 N. Y. 308; People v. McNeil, 21 A D 2d 1) without violating section 1851, if the resistance is justified under the afore-mentioned sections, or some other appropriate section, as for example subdivision 3 of section 246 of the Penal Law.
It is significant that the questioned statute makes no provision for the “legality” of the duty that the officer is performing and situations are conceivable where the “legality” of that duty would be of the utmost importance, especially in those cases where the officer is acting illegally or exceeding the authority of his office. Resistance in these situations is permitted under section 1851 only because of the existence of the limiting clause.
This analysis compels the interpretation that the questioned wording here applies to the legality of the duty of the officer that the defendant is resisting and is limited to those special statutes and circumstances which materially affect the legality of that duty, which, if found illegal, permits resistance albeit not exceeding the bounds of reasonableness and necessity. No other interpretation is consistent nor compatible with reason and authority.
This interpretation is a far cry, however, from the defendant’s position that every time another section of law is violated in the same transaction that gives rise to the violation of section 1851, the other section could not be charged. The legal and logical determinations of the case law form no foundation for the top heavy superstructure of the defendant’s construction. *699 Such interpretation would build a wall of special sacrosanctity around this statute (§ 1851) that was never intended to exist and compel the absurd conclusion that a defendant could never be charged with a violation of section 1851 if he committed additional crimes arising out of the same transaction. Such interpretation is a “ reductio ad absurdum ’
Ample authority can be found for multiple convictions of other crimes and offenses additional to a violation of section 1851 when arising out of the same criminal transaction. People v. McNeil (21 A D 2d 1, supra) affirmed a conviction of the defendant for both a violation of section 1825 and assault, third degree, arising out of the same transaction. People v. Knight (35 Misc 2d 216) held that disorderly conduct (Penal Law, § 722) and a violation of section 1851 of the Penal Law are not inconsistent, nor mutually exclusive and a defendant might properly be convicted of both. For, if passive resistance might be the basis for a violation of section 1851 (People v. Knight, supra), surely the same defendant should be held criminally responsible for an active assault or even a murder arising out of the same transaction.
The defendant’s motion is in all respects denied.