■   In the Matter of FRANK MASTRODONATO as Guardian ad Litem of ANTHONY MASTRODONATO, an Infant, Respondent, v. TOWN OF CHILI et al., Appellants. (Appeal No. 1.) — Judgment unanimously reversed on the law, with costs, and complaint dismissed. Memorandum: Defendants appeal from the respective judgments which awarded compensatory and punitive damages to plaintiffs. ¶ The complaints allege that plaintiffs Mastrodonato and Simonetti and decedent Napolitano were struck by an automobile operated by Donald Gardner and that defendants' police employees were negligent in investigating the accident, thereby depriving the plaintiffs and the decedent of rights accorded to them by law as a result of which they sustained severe shock and grievous mental anguish and pain. ¶ There was evidence that Gardner was intoxicated and that the police officers failed to obtain a chemical test for the purpose of determining the alcoholic content of his blood, delayed taking him to the police station for questioning and failed to measure skid marks on the pavement where the accident occurred. ¶ Notices of claims were served upon defendants and these actions were commenced before the trial of the plaintiffs' actions against Gardner. Plaintiffs do not claim that they were prejudiced in their actions against Gardner by defendants' negligence in investigating the accident. Their actions are not concerned with the damages sustained by being struck by Gardner's automobile but seek only to recover for the shock, anguish and pain sustained by them as a result of being deprived of the rights accorded to them by law. There is no evidence that any of the plaintiffs suffered shock, mental anguish or pain,

and the decedent who was dead on arrival at the hospital could not have suffered any damages resulting from the negligence of defendants' police officers in investigating the accident because their negligence did not occur before he died. ¶ The jury rendered a verdict for plaintiffs in each action for both compensatory and punitive damages. In our opinion the judgments should be reversed and the complaints should be dismissed because there was no evidence that plaintiffs Mastrodonato or Simonetti or the decedent suffered any damage as a result of negligence or willful and malicious actions on the part of defendants' police officers. There being no evidence that defendants employed unfit police officers or that they authorized or ratified any willful, wanton or malicious acts of such officers, assessment of punitive damages was not justified. (*Eifert* v. *Bush* 27 A D 2d 950; *Baynes* v. *City of New York* 23 A D 2d 756; *Snyder* v. *State of New York* 20 A D 2d 827; *Costich* v. *City of Rochester*, 68 App. Div. 623.) (Appeal from judgment of Monroe Trial Term in negligence action.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.