■ CENTRAL BERGEN SUPPLY Co., INC., Appellant, v T H M INC., Respondent.—The respective attorneys for the parties on this appeal from an order of the Supreme Court, Rockland County, dated June 6, 1975, have agreed that the appeal be withdrawn upon performance of the conditions contained in a memorandum executed by said attorneys, after a conference held in this court before Mr. Justice Gittleson on September 23, 1975. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, subject to restoration, upon motion, in the event of noncompliance with the above-mentioned memorandum. Guiotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ RALPH CHIRIELEISON, Respondent, v CITY OF NEW YORK, Appellant.— Appeal by defendant, as limited by its brief, from so much of a judgment of Supreme Court, Kings County, entered April 12, 1973, as is in favor of plaintiff and against defendant for $30,000, plus costs, upon (1) a jury verdict for plaintiff upon his cause for false arrest and (2) another jury verdict for plaintiff, after a separate trial of the issue of damages, of $15,000 for compensatory damages and $15,000 for punitive damages. Judgment modified, on the law, by setting aside the award of $15,000 for punitive damages and reducing the total recovery to $15,000 plus costs. As so modified, judgment affirmed insofar as appealed from, without costs. The trial court's instruction to the jury that the arrest of plaintiff was illegal as a matter of law was correct under the law existing in 1964 (cf. Code Crim Pro, § 177; L 1963, ch 580, § 1; and former Penal Law, §§ 2, 722; L 1881, ch 676 as amd with Code Crim Pro, § 177; L 1967, ch 681, § 37; and present Penal Law, §§ 10.00, 240.20; see, also, *People v Marsh,* 46 Misc 2d 777; cf. *People v Williams,* 25 NY2d 86; *People v Dreares,* 15 AD2d 204, affd 11 NY2d 906). Admission of testimony of plaintiff's physical injuries inflicted by the arresting officers and by himself, on the question of damages, was proper (Prosser, Law of Torts [4th ed], p 43; cf. *Dunn v City of New York,* 23 AD2d 660). Assuming that in a proper case a punitive damage award may be made against a governmental agency *(Hayes v State of New York,* 80 Misc 2d 498 and cases cited therein), no facts were shown in this case to indicate that the City of New York was wanton or reckless in allowing the arresting police officer to serve on its police force or in failing to discipline him after proceedings before the Civilian Review Board. Accordingly, we disallow the punitive damages award. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.

■ ZYGMUNT J. CICHON, Appellant, v CHARLIE'S AUTO CENTER, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 12, 1974, in favor of defendants, upon a jury verdict. Judgment affirmed, with costs. The jury could have found in favor of absolving defendants upon a fair interpretation of the evidence. It was well within the jury's province to conclude that plaintiff was not injured in the incident complained of and that, consequently, defendants were not liable. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.