RICHARD C. HAYES, as Committee of the Person and Property of THOMAS F. HAYES, an Incompetent, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 57246.)—Appeal from a judgment in favor of claimant, entered February 6, 1975, upon a decision of the Court of Claims. The facts out of which this action arose are fully set forth in the decision of the court below wherein claimant was awarded the total sum of $5,526.64, of which the sum of $5,000 was awarded as punitive damages. (80 Misc 2d 498.) The State contends on this appeal that, since neither the incompetent, the claimant, nor the hospital employee testified, the only evidence tending to prove the alleged assault by the employee upon the inmate were hospital and personnel records which are hearsay and were, thus, not admissible on the trial. In any event, the State argues that the court below improperly awarded punitive damages against it, since such damages may not be awarded against the State and, further, that the facts as alleged would not warrant the imposition of punitive damages. The evidence received by the court over objection consisted of oral testimony of witnesses relating to what the claimant patient said to them regarding an assault upon him by an employee of defendant hospital. Objection was also made to the receipt in evidence of written reports in the hospital record which reflected the investigations of the incident and the statements made by the claimant as to the alleged occurrence. The court below received such evidence as proof of the facts of the alleged assault on the stated ground that the entries in the hospital records were the only truly accurate reflection of the events in question, and that they were records kept in the regular course of business. We do not agree. A statement embodied in a record or report may be admitted, pursuant to CPLR 4518 (subd [a]), as proof of the facts recorded therein if the informant was under a business duty to perceive the event and to transmit information concerning it to an entrant who was under a business duty to record it, and the fact that the entry was self-serving does not bar its admission. If the informant was not under a business duty to

impart the information, but the entrant was under a business duty to obtain and record the statement, the entry is admissible to establish merely that the statement was made. In the latter case, another hearsay exception is necessary in order to receive the statement for its truth. *(Kelly v Wasserman,* 5 NY2d 425; *Cox v State of New York,* 3 NY2d 693; *Toll v State of New York,* 32 AD2d 47; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556; *Bishin v New York Cent. R. R. Co.,* 20 AD2d 921; Richardson, Evidence [10th ed], § 299.) Under the facts here, the person or persons who made the entries in the records did not witness the incident in question, and the person furnishing the information that was entered was the claimant who certainly was under no business duty to do so. Since no other hearsay exception applies to the information furnished to the entrant, the admission of the records in evidence to prove the assault was error. We do not reach any other issue raised on this appeal. Judgment reversed, on the law, and claim dismissed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur. [80 Misc 2d 498.]