■ WILLIAM KIENINGER, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant.—In an action to recover damages for false imprisonment, malicious prosecution and assault, the defendant City of New York appeals from a judgment of the Supreme Court, Queens County, entered February 24, 1975, which is in favor of plaintiff and against it, upon a jury verdict. Judgment reversed, on the law, without costs or disbursements, the cause of action alleging assault is dismissed, and new trial otherwise granted, limited to the issue of compensatory damages. The findings of fact are affirmed. Plaintiff failed to state his cause of action for assault in his notice of claim. Consequently, the city's trial motion to dismiss the causes of action for failure to adequately comply with the notice requirements of section 50-e of the General Municipal Law should have been granted to the extent of dismissing the assault cause of action. Although the malicious prosecution cause of action was also not stated in the notice of claim, that cause of action was properly not dismissed since it had not accrued at the time the notice of claim was served and, moreover, within 90 days after it did accrue (the time limitation for the service of a notice of claim), plaintiff commenced the instant action (see *Quintero v Long Is. R. R.,* 31 AD2d 844). Under the circumstances of this case, the notice of claim was otherwise proper. Assuming, in a proper case, that a punitive damage award may be made against a governmental agency, no evidence whatsoever was presented at the trial to indicate that the city was wanton or reckless in allowing the arresting officer to serve on its police force. Consequently, the trial court, upon the city's motion, should have set aside the verdict as a matter of law insofar as

it awarded punitive damages (cf. *Chirieleison v City of New York,* 49 AD2d 873). The other contention raised by the city on this appeal, i.e., that plaintiff failed to make out a prima facie case as to malicious prosecution, is without merit; the evidence established that the arresting officer was acting within the scope of his employment. In any event, we are cognizant that the jury, in reaching its verdict as to compensatory damages, may have taken into account the amount returned by it as punitive damages. The interests of justice therefore require a new trial limited to the issue of compensatory damages. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.