■ MARK LOCHHAAS et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 52771.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Denman, J. not participating. Memorandum: The State appeals from a judgment against it on a claim for false arrest and imprisonment and malicious prosecution on April 28, 1970, wherein the Court of Claims awarded the former infant claimant, Mark Lochhaas, the sum of $500 compensatory damages and $2,000 punitive damages and awarded the father, Clifford Lochhaas, the sum of $100 to reimburse him for legal fees incurred in securing the dismissal of charges against Mark and his release from custody. Claimant Mark Lochhaas was 17 years old at the time of his arrest. He was working at a gasoline station on a part-time basis while attending school. He owned a motorcycle, to operate which the law required that he wear a helmet; and he had bought a helmet decorated with red, white and blue colors in the pattern of the American flag. After leaving work on the evening of April 28, 1970 Mark and a friend who also owned a motorcycle parked their motorcycles across the street from the station where he worked and in front of a restaurant, where they had dinner. Mark left his helmet hanging on his motorcycle. When they finished dinner, it was about 10:30 P.M. and they mounted their motorcycles to drive home. After going a few hundred yards State Trooper Pawelek, in a police car, overtook them and arrested Mark for "illegal display of the American Flag". It developed that the officer had misinterpreted subdivision b of section 136 of the General Business Law as forbidding the use of such a decorated helmet, whereas the section forbids the use of the American flag in connection with the merchandising of articles for sale. Upon learning of the charge made by the officer in this case, The Honorable Michael F. Dillon, the District Attorney of the County of Erie, advised the Justice of the Peace, before whom the information was laid, that no crime had been committed; and the Judge dismissed the charge. Two months later, Clifford Lochhaas, in behalf of his son and himself filed in the Court of Claims claims for compensatory and punitive damages against the State, and apparently he also brought suit in the Supreme Court against the officer personally. Thereafter Mark was graduated from high school, spent six years in the Navy assigned to nuclear submarine duty, and then became a preministerial student at Concordia College; and so the case did not come to trial until May, 1977. The evidence

of Mark's arrest without a warrant clearly supports the Trial Judge's award of compensatory damages *(Broughton v State of New York,* 37 NY2d 451; *Warner v State of New York,* 297 NY 395). The question of punitive damages, however, requires further consideration. The circumstances surrounding the arrest, Mark's difficulty with the officer in getting his motorcycle off the highway and back to a place of safety at the gasoline station, where his employer made such a protest that the officer eventually permitted Mark to ride to the police station on the front seat with the officer instead of being locked in the rear of the police car, the officer's insistence on bail at that hour of the night, fingerprinting Mark and taking mug shots of him; and later, at trial, the complete absence of memory of the incident by the officer and his casual indifference toward it, are circumstances which a court could well consider on the question of punitive damages as against the officer. But the officer is not a party to this case. As against the State of New York, there was no showing to justify the award of punitive damages. It has been said that punitive damages may not be awarded against the State or a municipal corporation *(Costich v City of Rochester,* 68 App Div 623, 631-632; *McCandless v State of New York,* 6 Misc 2d 391, 395, mod and revd in part on other grounds 3 AD2d 600, affd 4 NY2d 797; Recovery of Exemplary or Punitive Damages from Municipal Corporation, Ann., 19 ALR2d 903; 18 McQuillin, Municipal Corporations, § 53.62). The contrary view has also been expressed *(Hayes v State of New York,* 80 Misc 2d 498, 503, revd on other grounds 50 AD2d 693, affd 40 NY2d 1044). Considering the nature and purpose of punitive damages (see *Walker v Sheldon,* 10 NY2d 401, 404 *et seq.;* McCormick, Damages, pp 275-277; 14 NY Jur, Damages, § 184), it seems clear that a municipality may not be held liable therefor in the absence of a demonstration of misconduct on the part of its agent, foreseeable or directed by its officials (see *Selden v City of Albany,* 50 AD2d 975; *Matter of Mastrodonato v Town of Chili,* 39 AD2d 824; *Snyder v State of New York,* 20 AD2d 827) or of wanton or reckless employment or supervision of such agent (see *Chirieleison v City of New York,* 49 AD2d 873, mot for lv to app den 39 NY2d 710; *Kieninger v City of New York,* 53 AD2d 602; *Raplee v City of Corning,* 6 AD2d 230, 232; *Macord v City of New Rochelle,* 179 Misc 311; *Nephew v State of New York,* 178 Misc 824; 1 NY PJI2d 624). There is no evidence in this case that responsible State officials had knowledge or should have had any reason to suspect that Officer Pawelek had an attitude of mind or propensity to conduct himself in an improper manner against a citizen; and so there is no basis in this record to support an award of punitive damages against the State of New York. (Appeal from judgment of Court of Claims—false arrest.) Present—Marsh, P. J., Moule, Hancock, Jr., Denman and Witmer, JJ.