■ Jose Mojica, Respondent, v New York City Transit Authority, Appellant, et al., Defendants.—In an action to recover damages for false arrest, false imprisonment and malicious prosecution, the defendant New York City Transit Authority appeals from so much of an order of the Supreme Court, Kings County (Pino, J.), dated January 3, 1985, as granted the plaintiff's motion to strike its third affirmative

defense which alleged that the plaintiff had failed to timely serve a notice of claim.

Order reversed insofar as appealed from, on the law, without costs or disbursements, motion denied and amended complaint dismissed as against the New York City Transit Authority. "The purpose of the statutory notice of claim requirement * * * is to afford the public corporation 'an adequate opportunity to investigate the circumstances surrounding * * * [a claim] and to explore the merits of the claim while information is still readily available' " (see, *Caselli v City of New York*, 105 AD2d 251, 252, quoting from *Teresta v City of New York*, 304 NY 440, 443).

Although the plaintiff served the defendant New York City Transit Authority with a notice of claim in a timely manner, this notice only set forth claims for assault and battery. In his amended complaint, however, the plaintiff sought to hold the Transit Authority liable for false arrest, false imprisonment and malicious prosecution. The information contained in the notice of claim merely alerted the defendant Transit Authority to the fact that the plaintiff was physically injured during an altercation with one of its police officers and that he intended to seek compensation for those injuries. Nowhere in the notice was there mention of the fact that the plaintiff was detained and arrested or that criminal proceedings were subsequently instituted against him. The notice was, therefore, wholly ineffectual in terms of notifying the Transit Authority of the facts and theories upon which the plaintiff intended to predicate his lawsuit. As a result, the defendant Transit Authority was effectively deprived of the opportunity to engage in prompt investigation of the claims. All of the essential facts necessary to sustain causes of action for false arrest, imprisonment and malicious prosecution appeared for the first time in the plaintiff's amended complaint, which was served well beyond the 90-day period prescribed by the statute (see, Public Authorities Law § 1212). The interposition by the defendant Transit Authority of a defense based on the plaintiff's failure to comply with the notice of claim provision was, accordingly, proper (see, *Phelps Steel v City of Glens Falls*, 89 AD2d 652; *Colena v City of New York*, 68 AD2d 898; *Kieninger v City of New York*, 53 AD2d 602), and Special Term erred in granting the plaintiff's motion to strike this defense.

A motion to strike an affirmative defense places in issue the legal sufficiency of the complaint and a court is entitled to search the record and grant appropriate relief, even in the absence of a cross motion to dismiss the complaint (see, *Rand*

*v Hearst Corp.,* 31 AD2d 406, 408, *affd* 26 NY2d 806). Since the plaintiff failed to serve a legally sufficient notice of claim within the time constraints imposed by statute, and since the notice of claim requirement is deemed an indispensable element of the substantive causes of action *(see, Saler v City of New York,* 96 AD2d 583, 584), the amended complaint insofar as it is against the Transit Authority is accordingly dismissed. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.