■ ELSIE BROWN et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants.— Order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered on August 27, 1990 which denied the motion by defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority for summary judgment pursuant to CPLR 3212 dismissing the complaint and all cross-claims as against them, is unanimously reversed on the law and the motion granted in full, without costs or disbursements. The clerk is directed to enter judgment in favor of defendants-appellants dismissing plaintiff's complaint as against them.

Plaintiff Elsie Brown commenced this personal injury action after she allegedly tripped and fell over a broken bus stop sign that had apparently been reduced to a stump. Her subsequent notice of claim asserted that the offending sign was installed, operated and maintained by defendant Department of Transportation of the City of New York (City) and defendants-appellants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (the latter two parties collectively referred to herein as the Transit Authority). Plaintiff thereafter served a complaint in which she again charged that the subject sign was owned, operated and maintained by the City of New York and the Transit Authority defendants; that the bus stop sign "became out of repair, was broken and not visible and a danger to pedestrians"; that both the Transit Authority and the City had

knowledge of the dangerous condition and failed to repair it or provide warning to pedestrians; and that plaintiff fell as a result thereof, causing her to sustain injuries. Her ensuing verified bill of particulars stated: "That the aforesaid occurrence and the resulting injuries to the plaintiff, ELSIE BROWN therefrom, were due wholly and solely to the negligence and carelessness of the defendants, their agents, servants and/or employees in the care and maintenance of bus stop signs aforementioned; in causing, permitting and/or allowing a hazardous condition to exist; in failing to provide a safe and proper area for persons traversing near; in failing to make the necessary repairs; in causing, permitting and allowing a broken bus sign to remain and continue as aforesaid said; in that the defendants failed to take reasonable and proper precautions to warn persons to the broken bus sign; in that said condition was in violation of the laws and regulations of the State of New York; in failing to exercise reasonable care, diligence and prudence in the premises and in being generally negligent and careless under the circumstances."

At plaintiff's deposition, she testified that she and her husband, now deceased, were waiting with about five other passengers for a bus on Madison Avenue between 84th and 85th Streets when, after some fifteen to thirty minutes, the M-4 bus arrived. As she walked toward the curb, plaintiff purportedly tripped and fell over a cement block (presumably the remainder of the bus sign), which she had not noticed prior to the accident. According to plaintiff, there were no obstructions or hazards within five feet on either side of the block, and the weather was clear and sunny at the time. Since plaintiff seemed to be advancing no other theory of liability except the one relating to the dangerous condition created by the broken bus stop sign, the Transit Authority defendants moved for summary judgment dismissing the complaint and all cross-claims as against them. In that regard, the Transit Authority explained that the Department of Transportation of the City of New York owns, operates, controls and maintains bus stops and signs, and, consequently the Transit Authority neither owed nor breached a duty of care to plaintiffs. In support of its position, the Transit Authority submitted an affidavit from a Deputy Borough Claims Manager stating that every bus stop designating a route of the New York City Transit Authority or Manhattan and Bronx Surface Transit Operating Authority bears the inscription of the City's Department of Transportation.

Plaintiffs' response in opposition merely challenged the

sufficiency of the Transit Authority's proofs, urging that the ownership and maintenance of the bus stop signs presents a question of fact for the jury to resolve. The City, however, did not dispute either the Transit Authority's denial of ownership of such signs or its claim that it had no responsibility for their operation, control or maintenance. Rather, the City purported to perceive the existence of other possible theories of liability unconnected with the actual condition of the stop signs. In reply, defendants provided two more affidavits from officials insisting that the Transit Authority possessed no responsibility for operating or maintaining the bus stop signs, and, indeed, the record herein fails to disclose any evidence that the Transit Authority defendants own, control, operate or maintain bus stop signs. Moreover, neither plaintiffs nor the City contest the fact that the Transit Authority bears no responsibility whatever for the subject signs. Thus, the only remaining issue is whether the Transit Authority defendants can conceivably be found liable under any alternate theory.

General Municipal Law § 50-e (1) (a) mandates that a claimant against a municipal corporation file a notice of claim within ninety days after a claim arises. Pursuant to subdivision (2) of this section, the notice must include the nature of the claim and the manner in which it arose. The purpose of the notice of claim requirement "is to afford the public corporation 'an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available' " *(Caselli v City of New York,* 105 AD2d 251, 252; *see also, Levine v City of New York,* 111 AD2d 785, 786). As the Court of Appeals observed in *O'Brien v City of Syracuse* (54 NY2d 353, 358), "[t]he test of the notice's sufficiency is whether it includes information sufficient to enable the city to investigate the claim".

Nothing alleged in the instant notice of claim furnishes the predicate for any theory of liability other than the one relating to the condition of the bus stop sign so that the Transit Authority defendants might have promptly investigated the matter. Accordingly, there was no way that the Transit Authority could be deemed to have received notice that plaintiffs might also assert, for instance, the absence of safe access to the bus. Merely providing notice of the occurrence is not adequate to constitute notice of a particular claim *(see, Mojica v New York City Tr. Auth.,* 117 AD2d 722; *Kasachkoff v City of New York,* 107 AD2d 130, *affd* 68 NY2d 654). Further, not only did the notice of claim herein fail to allege that the

Transit Authority's liability might be founded on a theory that it had not supplied a safe route to board the bus, but the complaint itself also did not contain such a cause of action, and plaintiff's testimony at her examination before trial served, if anything, to contradict any possible contention that the Transit Authority had not made a safe route available to plaintiff. Finally, it is significant that plaintiffs have never asserted this alternate theory; only the City has done so in opposition to the motion for summary judgment by the Transit Authority defendants. Therefore, based upon some vague language in plaintiffs' bill of particulars, the City is endeavoring to create for plaintiffs a cause of action which they have never urged on their own behalf. For all of the foregoing reasons, the Transit Authority defendants are entitled to summary judgment dismissing the complaint against them, as well as all cross-claims. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.