■ ROMEO CHEUNG, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [618 NYS2d 44] —In an action to recover damages for personal injuries, the plaintiff appeals from

an order of the Supreme Court, Kings County (Ramirez, J.), entered June 7, 1993, which granted the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

On the eve of trial, the court dismissed the plaintiff's complaint based on a finding that the notice of claim was not sufficiently specific to satisfy the requirements of General Municipal Law § 50-e (2) (3) regarding "the place where and the manner in which the claim arose". The notice of claim alleged that shortly before 5:00 A.M. on February 7, 1985, due to the negligence of the defendant, the plaintiff was caused to "trip and fall" onto the southbound 7th Avenue IRT express track at the Wall Street subway station, where he was struck by a train.

Contrary to the plaintiff's contentions, the court did not improvidently exercise its discretion in dismissing the complaint, in view of the evidence that was properly before it. Not only did the notice fail to identify the situs of the accident with sufficient particularity (see, Cappadonna v New York City Tr. Auth., 187 AD2d 691; Mitchell v City of New York, 131 AD2d 313), but it also failed to alert the defendant as to the claimed cause of the accident, thus depriving the defendant of an opportunity to focus its investigation on the subsequently alleged defect (see, Frazer v New York City Hous. Auth., 198 AD2d 329; Brown v New York City Tr. Auth., 172 AD2d 178; Mojica v New York City Tr. Auth., 117 AD2d 722). Moreover, neither the plaintiff's testimony at the hearing held pursuant to General Municipal Law § 50-h, nor the complaint, nor the bill of particulars, which was served over a year and a half after the accident, served to sufficiently correct the defective notice (see, e.g., Mitchell v City of New York, supra). Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.