■ . HARVEY PENN, Respondent, v. EDWARD KIRSH et al., Appellants.— Judgment, Supreme Court, Bronx County, entered on April 12, 1972, upon a jury verdict in plaintiff's favor on the issue of liability, unanimously reversed, on the law, and vacated, and a new trial directed, with costs and disbursements to abide the event. The exclusion of the police report constituted reversible error. In this action for personal injuries, essentially plaintiff testified that he was cut off by the defendant, whereas the defendant and his two passengers testified that they were fully stopped when plaintiff's motorcycle struck their car in the rear. An offer of proof for the admission of the police report was made. The report stated plaintiff's version of the accident as follows: "Operator of vehicle (#2), a cycle, reports that he was also driving north on Central Avenue on inside lane and when he observed stopped traffic he attempted to stop but his brakes would not hold and he collided with the right rear fender of car (#1). [sic] Impact of same caused him to be tossed forward of handlebars and into an open water connection trench." The trial court refused to allow plaintiff's admission into evidence although it was contrary to the version of the accident he gave on the witness stand. It was conceded that the report was a record kept in the regular course of business by the Yonkers Police Department. There was testimony by a lieutenant that the officer, who made the report after an investigation at the scene of the accident, was unable to testify because he was suffering from terminal cancer and had retired from the department. The police report purports to contain plaintiff's direct statement concerning the manner of the happening of the accident. The entry, therefore, is not hearsay. It is an admission or declaration against interest and as such admissible into evidence. The report was made by the police officer whose duty it was to interview the plaintiff at the scene of the accident and to record his answer. The statement was relevant to the department's investigation and to its business. (See *Kelly* v. *Wasserman,* 5 N Y 2d 425; *Chemical Leaman Tank Lines* v. *Stevens,* 21 A D 2d 556; *Zaulich* v. *Tompkins Sq. Holding Co.,* 10 A D 2d 492; *Toll* v. *State of New York,* 32 A D 2d 47.) Concur — Nunez, J. P., McNally, Tilzer, Eager and Capozzoli, JJ.