508

■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v LLOYD JACKSON, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 13, 1983, which, after a hearing, *inter alia,* granted the application.

Judgment affirmed, with costs.

The finding that there had been no contact between appellant's vehicle and a "hit-and-run" vehicle was based on a fair interpretation of the evidence presented at the hearing (*Matter of Poggemeyer,* 87 AD2d 822, 823). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ In the Matter of HARRY VINCINANZA et al., on Behalf of Their Son, FRANK VINCINANZA, an Infant, Respondents, v BOARD OF EDUCATION OF THE SOUTH MANOR UNION FREE SCHOOL DISTRICT, Appellant. — Judgment of the Supreme Court, Suffolk County, dated May 10, 1984, affirmed, without costs or disbursements, for reasons set forth in the memorandum decision of Justice Gowan at Special Term. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ACOSTA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered January 10, 1983, convicting him of criminal possession of a weapon in the second degree and attempted assault in the second degree upon a jury verdict, and imposing sentence.

Judgment affirmed.

Upon review of the record, we find that the People clearly met their burden of proving that the firearm possessed by the defendant was a "loaded firearm" (Penal Law, § 265.00, subd 15). In view thereof, the defendant was properly convicted of criminal possession of a weapon in the second degree (Penal Law, § 265.03) and attempted assault in the second degree (Penal Law, §§ 110.00, 120.05, subd 2). Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.