■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v GERMAN BERMUDEZ, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Hyman, J.), dated October 24, 1983, which, after a hearing, granted the application.

Order and judgment affirmed, with costs.

We find that the police accident report was properly received into evidence under the business record exception to the hearsay rule (*see,* CPLR 4518 [a]; *Zaulich v Thompkins Sq. Holding Co.,* 10 AD2d 492; *Toll v State of New York,* 32 AD2d 47). Moreover, appellant's statement in this report, describing how the accident occurred, was available for use by the petitioner as evidence-in-chief in establishing that there had been no contact between appellant's vehicle and a "hit-and-run" vehicle, since the statement qualified as an admission (*see, Penn v Kirsh,* 40 AD2d 814;

*Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 617, *affd* 61 NY2d 769; *Shea v Johnson,* 101 AD2d 1018). Special Term's finding that there had been no contact between the vehicles was therefore amply supported by the evidence presented (*see, Matter of State Farm Ins. Co. v Jackson,* 106 AD2d 508).

Lastly, Special Term did not abuse its discretion in denying appellant's application for a continuance of the hearing (*see, Bilyou v State of New York,* 33 AD2d 604; *Spodek v Lasser Stables,* 89 AD2d 892). Appellant risked the possibility that he would be unavailable to testify by leaving the jurisdiction for a prolonged period of time when he knew or should have known that his case would be called for a hearing. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.