■ Donna Dougherty, Respondent, v Lydia Kinard, Appellant et al., Defendant. [626 NYS2d 554] —In an action to recover damages for personal injuries, the defendant Lydia Kinard appeals from an order of the Supreme Court, Kings County

(Held, J.), entered December 15, 1993, which granted the plaintiff's cross motion for summary judgment and denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

It is axiomatic that issue finding, rather than issue determination, is the standard of reviewing the denial of a motion for summary judgment (see, Downing v Schreiber, 176 AD2d 781). Where there are no material and triable issues of fact, the motion for summary judgment should be granted (see, Rotuba Extruders v Ceppos, 46 NY2d 223; Triangle Fire Protection Corp. v Manufacturers Hanover Trust Co., 172 AD2d 658). The party making the motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320), and the party must do so by tender of evidentiary proof in admissible form (see, Zuckerman v City of New York, 49 NY2d 557; Andre v Pomeroy, 35 NY2d 361).

In the instant case, the plaintiff's proof, consisting of the defendant Frank Sanders' testimony that he found the defendant Lydia Kinard's car, parked on a public street, with its keys dangling from the trunk lock, and that he used the keys to steal the car, coupled with Kinard's admission that the keys returned to her by the police when they returned her vehicle were the same keys she used on the day her vehicle was stolen, is sufficient to constitute a prima facie showing that Kinard did not remove her key from the vehicle as required by the Vehicle and Traffic Law § 1210 (a).

In contrast, Kinard has failed to offer any proof in admissible form from which a different inference may reasonably be drawn from the facts as to how the keys got into the trunk lock of her vehicle. Mere speculation and conjecture is insufficient to create a genuine issue of material fact sufficient to defeat the plaintiff's motion (see, Shapiro v Health Ins. Plan, 7 NY2d 56). Consequently, the plaintiff was entitled to summary judgment.

We have reviewed Kinard's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.