■ SEBASTIAN ALOI et al., Respondents, v FIREBIRD FREIGHT SERVICE CORPORATION et al., Appellants. [675 NYS2d 107] —In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 10, 1997, which denied their motion to vacate their default in appearing and to permit them to serve an answer, and (2), as limited by their brief, from so much of an order of the same court, dated October 22, 1997, as, upon granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated June 10, 1997, is dismissed, as that order was superseded by the order made upon reargument; and it is further,

Ordered that the order dated October 22, 1997, is reversed insofar as appealed from, upon reargument the defendants' motion to vacate their default and for permission to serve an answer is granted, the order dated June 10, 1997, is vacated,

the proposed answer annexed to the defendants' moving papers is deemed timely served; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiffs claim to have effected service of process upon the corporate defendant pursuant to Business Corporation Law § 306, and upon the individual defendant pursuant to "sections 252/254" of the Vehicle and Traffic Law. However, the record contains no affidavits of service. Both the corporate defendant and the individual defendant made a sufficient showing that they did not receive a copy of the summons or complaint in time to defend the action. Further, their submissions included an accident report which contains an admission by the plaintiffs, and that document constitutes an appropriate affidavit of merit (*see, e.g., Matter of State Farm Mut. Auto. Ins. Co. v Bermudez,* 111 AD2d 858; *Penn v Kirsh,* 40 AD2d 814; *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 617, *affd* 61 NY2d 769). Under the circumstances, in the proper exercise of discretion the Supreme Court should have permitted the defendants to appear and defend the action (*see,* CPLR 317, 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Larman v Russell,* 240 AD2d 473; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497; *see also,* CPLR 3215 [g] [4]; *cf., Santiago v Sansue Realty Corp.,* 243 AD2d 622). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.