■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v JAMES McMILLAN, Appellant. [732 NYS2d 431] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, James McMillan appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), entered November 16, 2000, which granted the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petition to permanently stay arbitration. It was within the Supreme Court's discretion to consider the appellant's admission contained in the police accident report and hospital records and to weigh it accordingly (*see, Matter of Rhodes,* 203 AD2d 46; *Barzaghi v Maislin Transp.,* 115 AD2d 679; *Turner v Spaide,* 108 AD2d 1025; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556). The appellant's statement in these reports, describing how the accident occurred, established that there had been no contact between appellant's vehicle and a "hit and run" vehicle (*see, Matter of State Farm Mut. Auto. Ins. Co. v Bermudez,* 111 AD2d 858). The Supreme Court's finding that there had been no contact between the vehicles was therefore amply supported by the evidence presented (*see, Matter of State Farm Mut. Auto. Ins. Co. v Bermudez, supra; Matter of State Farm Ins. Co. v Jackson,* 106 AD2d 508). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.