■ NEMESIO GUEVARA et al., Appellants, v DEAN ZAHARAKIS et al., Respondents. [756 NYS2d 465] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 19, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly considered the police accident report submitted on the defendants' motion for summary judgment, which contained a statement by the plaintiff Nemesio Guevara (hereinafter Guevara) that he had fallen asleep while driving and that his vehicle had crossed into oncoming traffic. The police officer who prepared the report was acting within the scope of his duty in recording Guevara's statement, and the statement was admissible as the admission of a party (*see Ferrara v Poranski,* 88 AD2d 904 [1982]; *Murray v Donlan,* 77 AD2d 337 [1980]; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556 [1964]; *see also Matter of Leon RR,* 48 NY2d 117, 122-123 [1979]).

The evidence submitted by the defendants established their entitlement to summary judgment as a matter of law. The defendant driver Dean Zaharakis was not required to anticipate that another vehicle would cross over into his lane and, in this emergency situation, he was under no obligation to use his best judgment (*see Velez v Diaz,* 227 AD2d 615 [1996]). The plaintiffs' submissions failed to raise a triable issue of fact as to the defendants' negligence. Rather, their submissions, including the correction sheets to Guevara's deposition testimony, raised feigned issues intended to avoid the consequences of Guevara's earlier admissions (*see Prunty v Keltie's Bum Steer,* 163 AD2d 595 [1990]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.