■ DYERD KEMENYASH, Appellant, v TIMOTHY P. McGOEY, Respondent. [762 NYS2d 629] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 13, 2003, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

In support of his motion for summary judgment, the plaintiff submitted a police accident report recorded by a police officer at the scene, which contained an admission by the defendant that, as he was taking the key out of his vehicle's ignition, his vehicle rolled forward and hit the plaintiff, who was standing behind the plaintiff's parked vehicle. Contrary to the defendant's contention, his statement was admissible as the admission of a party (*see Guevara v Zaharakis,* 303 AD2d 555 [2003]; *Matter of Nationwide Mut. Ins. Co. v McMillan,* 288 AD2d 224 [2001]; *Aloi v Firebird Frgt. Serv. Corp.,* 251 AD2d 608 [1998]).

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability (*see Flood v Travelers Vil. Garage,* 66 AD2d 726 [1978]). In opposition, the defendant failed to demonstrate by admissible evidence the existence of a triable issue of fact. Accordingly, the court erred in denying the plaintiff's motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v*

*City of New York,* 49 NY2d 557 [1980]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.