■ ANTHONY C. VADEN et al., Respondents, v AMBER ROSE, Appellant, and DEBORAH GORDON-VIZZI et al., Respondents. [771 NYS2d 670]—

In an action to recover damages for personal injuries, the defendant Amber Rose appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated May 8, 2003, which denied her unopposed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant was operating a vehicle behind the plaintiffs' car. Both had stopped at a traffic light in Suffolk County. After

the light turned green, the appellant's vehicle was struck from behind by a vehicle operated by the defendant John D. Vizzi, causing her vehicle to strike the plaintiffs' vehicle, which was directly in front of her.

In support of her motion for summary judgment, the appellant submitted Vizzi's admission that his vehicle struck her vehicle in the rear. Vizzi's signed written statement, which was contained in a police accident report prepared by a police officer at the scene of the accident, qualified as an exception to the hearsay rule since it was an admission against interest (*see Kemenyash v McGoey,* 306 AD2d 516 [2003]; *Guevara v Zaharakis,* 303 AD2d 555, 556 [2003]; *Matter of Nationwide Mut. Ins. Co. v McMillan,* 288 AD2d 224 [2001]; *Aloi v Firebird Frgt. Serv. Corp.,* 251 AD2d 608, 609 [1998]; *Matter of State Farm Mut. Auto. Ins. Co. v Bermudez,* 111 AD2d 858 [1985]; *Penn v Kirsh,* 40 AD2d 814 [1972]). The appellant's proof was sufficient to establish a prima facie case of her entitlement to summary judgment as a matter of law (*see McNulty v DePetro,* 298 AD2d 566 [2002]; *Breton v Adler,* 281 AD2d 380 [2001]; *Cerda v Parsley,* 273 AD2d 339 [2000]; *Ner v Celis,* 245 AD2d 278 [1997]). The other defendants and the plaintiffs failed to oppose the motion. Accordingly, the appellant's motion for summary judgment should have been granted (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Ritter, J.P., Smith, H. Miller and Crane, JJ., concur.