■ Denzil Grange, Plaintiff, v Lashanda V. Jacobs, Appellant, and Juan A. Moreno, Respondent. [783 NYS2d 634]—

In an action to recover damages for personal injuries, the defendant Lashanda V. Jacobs appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 2, 2003, which granted the motion of the defendant Juan A. Moreno for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Juan A. Moreno is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff, a passenger in a vehicle operated by the appellant, Lashanda V. Jacobs, allegedly was injured when her vehicle was struck by a vehicle operated by the respondent, Juan A. Moreno, at an intersection in Yonkers. The respondent established his prima facie entitlement to summary judgment dismissing the appellant's cross claim by presenting proof that the sole cause of the accident was the appellant's conduct in making an illegal left turn and failing to yield the right-of-way to him (see Vehicle and Traffic Law § 1160 [d]; Klein v Byalik, 1 AD3d 399 [2003]; Curiale v Weintraub, 305 AD2d 530 [2003]; Yusupov v Lugo, 305 AD2d 496 [2003]; Bolta v Lohan, 242 AD2d 356 [1997]). Contrary to the appellant's contention, the Supreme Court properly considered a police accident report which contained her admission that she made an illegal left turn and pulled out in front of the respondent's vehicle (see Vaden v Rose, 4 AD3d 468 [2004]; Kemenyash v McGoey, 306 AD2d 516 [2003]; Guevara v Zaharakis, 303 AD2d 555 [2003]).

In opposition, the appellant's attorney submitted an affirmation citing to various portions of the plaintiff's deposition testimony, a copy of which was submitted by the respondent on his motion. While the Supreme Court improperly characterized the appellant's opposition as consisting solely of an attorney's affirmation without proof from a person with knowledge (see Olan v Farrell Lines, 64 NY2d 1092 [1985]; Volpe v Canfield, 237 AD2d 282 [1997]; Silverite Constr. Co. v Town of N. Hempstead, 229 AD2d 387, 388 [1996]), it nevertheless correctly concluded that the appellant failed to raise a triable issue of fact. The plaintiff's speculative and conclusory deposition testimony that the respondent may also have been at fault was insufficient to defeat the motion for summary judgment (see Parisi v Mitchell, 280 AD2d 589, 590 [2001]; Bolta v Lohan, supra). Ritter, J.P., Cozier, Skelos and Lifson, JJ., concur.