█ In the Matter of MERCHANTS INSURANCE GROUP, Appellant, v STEVEN HASKINS, Respondent. ALLSTATE INSURANCE COMPANY et al., Proposed Additional Respondents. [783 NYS2d 400]—

In a proceeding, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits pursuant to CPLR article 75, the petitioner appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated April 16, 2003, which, after a hearing, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On the evening of October 5, 2001, a van owned by the proposed additional respondent Donald W. Shepley and insured by the proposed additional respondent Allstate Insurance Company (hereinafter Allstate) was stolen from a public roadway in Yonkers. Shortly thereafter, it was involved in a motor vehicle accident several miles away and struck another vehicle. After Allstate declared that no coverage was provided under Shepley's policy because of the theft, Steven Haskins, an injured person in the second vehicle, sought arbitration of his personal injury claim under a policy issued by the petitioner. The petitioner commenced this proceeding, inter alia, to permanently stay arbitration.

At a hearing conducted on April 16, 2003, to determine coverage under the Allstate policy, a theft report was admitted into evidence. The report was made by Steven Donati, a friend of Shepley, who had been given permission to use the vehicle on the date of the accident. According to the report, Donati informed the police that he parked the van at a certain location at about 8:30 p.m. on October 5, 2001, "with the vehicle's keys left on the dashboard." When he returned to the vehicle around 1:00 a.m. on October 6, 2001, he found it was gone. The Supreme Court concluded that since the vehicle, although loaned to Donati, was not being used by him at the time of the accident, Allstate was not responsible to cover the loss.

The Supreme Court erred in concluding that Allstate was not responsible to cover the loss. When a violation of Vehicle and Traffic Law § 1210 (a) is established, the victim of a vehicular theft can be held liable to those who suffer injury as a result of the thief's negligence (see Dougherty v Kinard, 215 AD2d 521 [1995]; Baginski v New York Tel. Co., 130 AD2d 362 [1987]; Brennan v City of New York, 108 AD2d 834 [1985]). Here, the unrefuted evidence established that Donati, a permissive user, left the van parked on a public roadway with the keys on the dashboard, thus precipitating the theft, and the resulting injuries to the claimant. There was no suggestion that the keys were concealed in any way so as to avoid liability under the statute (cf. Banellis v Yackel, 49 NY2d 882 [1980]; Poss v Feringa, 241 AD2d 877 [1997]). Under these circumstances, the Allstate policy was in effect at the time of the accident.

There is no merit to Allstate's argument that the violation of Vehicle and Traffic Law § 1210 (a) was not supported by sufficient evidence. Donati admitted the statutory violation when he reported the van stolen. The theft report, admitted into evidence at the hearing without objection, qualified as a business record exception to the hearsay rule (see People v Meyers, 72

Misc 2d 1003, 1007 [1973]), as it clearly identified Donati as the source of the information contained therein (*cf. Gagliano v Vaccaro,* 97 AD2d 430, 431 [1983]), and was an admission against Donati's interest (*see Vaden v Rose,* 4 AD3d 468 [2004]; *Kemenyash v McGoey,* 306 AD2d 516 [2003]; *Guevara v Zaharakis,* 303 AD2d 555 [2003]). Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.