■ TERILYNN JACKSON, Appellant, v DONIEN TRUST et al., Respondents. [962 NYS2d 267]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated August 31, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the deposition of the defendant driver, who stated that her vehicle never made any contact with the plaintiff's decedent as he was crossing the street within a crosswalk (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, in opposition, the plaintiff raised a triable issue of fact by submitting a copy of the police accident

report, which contained a statement by the defendant driver that her vehicle grazed the left leg of the plaintiff's decedent. The police officer who prepared the report was acting within the scope of his duty in recording the defendant driver's statement and, contrary to the defendants' contention, the statement is admissible as an admission of a party (*see Scott v Kass*, 48 AD3d 785 [2008]; *Kemenyash v McGoey*, 306 AD2d 516 [2003]; *Guevara v Zaharakis*, 303 AD2d 555, 556 [2003]; *Ferrara v Poranski*, 88 AD2d 904 [1982]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.