Matter of Global Liberty Ins. Co. of N.Y. v Kaler (2021 NY Slip Op 03834)





Matter of Global Liberty Ins. Co. of N.Y. v Kaler


2021 NY Slip Op 03834


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-06873
 (Index No. 601382/19)

[*1]In the Matter of Global Liberty Insurance Company of New York, appellant, 
v
Ranjit Kaur Kaler, et al., respondents.


The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated May 6, 2019. The order, insofar as appealed from, denied those branches of the petition which were for a permanent stay of arbitration or, in the alternative, a temporary stay of arbitration pending the outcome of a framed-issue hearing.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to temporarily stay arbitration of the uninsured motorist claim pending a framed-issue hearing is granted, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing on the issue of the adverse vehicle's insurance coverage on the date of the accident, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
On May 5, 2018, a vehicle owned by Onkar Singh and operated by Ranjit Kaur Kaler allegedly was struck by a vehicle owned by David Lucas and operated by Alex Dwight Caesar (hereinafter the adverse vehicle). The vehicle operated by Kaler was insured by the petitioner, Global Liberty Insurance Company of New York (hereinafter Global). Kaler purportedly made a claim for coverage from Lucas's insurance carrier, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Liberty Mutual disclaimed coverage on the basis, inter alia, that at the time of the accident the adverse vehicle was being operated without Lucas's knowledge or permission.
On or about January 9, 2019, Kaler made a demand to Global for uninsured motorist coverage. On January 29, 2019, Global commenced this proceeding, inter alia, to stay arbitration of Kaler's claim for uninsured motorist benefits. Liberty Mutual opposed the petition. By order dated May 6, 2019, the Supreme Court, inter alia, denied those branches of Global's petition which were for a permanent stay of arbitration or, in the alternative, a temporary stay of arbitration pending the outcome of a framed-issue hearing. Global appeals.
"'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002, quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628). [*2]Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing (see Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; Matter of Hertz Corp. v Holmes, 106 AD3d at 1003; Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d at 1003; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680).
Here, the documents submitted by Global in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary issue justifying a temporary stay (see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186; Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d 1040, 1042). Through the police report and Liberty Mutual's disclaimer letter, Global made a prima facie showing that, at the time of the accident, the adverse vehicle was covered by a policy of insurance issued by Liberty Mutual (see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530, 1531; Matter of AutoOne Ins. Co. v Hutchinson, 71 AD3d 1011, 1012). In opposition, Liberty Mutual raised a question of fact as to whether the adverse vehicle was being driven without the knowledge or permission of the insured at the time of the accident (see Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d at 1042-1043; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d at 1531; Matter of Government Empls. Ins. Co. v Williams, 174 AD3d 708, 709). Accordingly, a framed-issue hearing is necessary to determine whether Liberty Mutual properly disclaimed coverage of the adverse vehicle (see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d at 1531).
Global's remaining contention, raised for the first time on appeal, is not properly before this Court (see Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 737; Matter of Progressive Northeastern Ins. Co. v Yeger, 30 AD3d 524, 526).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court