Matter of Travelers Personal Ins. Co. v Hanophy-Ryan (2021 NY Slip Op 06694)





Matter of Travelers Personal Ins. Co. v Hanophy-Ryan


2021 NY Slip Op 06694


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-05238
 (Index No. 718820/18)

[*1]In the Matter of Travelers Personal Insurance Company, respondent, 
v
Christina Hanophy-Ryan, appellant.


Ledwith & Atkinson, Lynbrook, NY (Peter K. Ledwith of counsel), for appellant.
Aloy O. Ibuzor, Melville, NY (William Angstreich of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Christina Hanophy-Ryan appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated March 27, 2019. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On October 3, 2017, Christina Hanophy-Ryan (hereinafter the appellant) allegedly was injured in an automobile accident. As of the date of the accident, the appellant had automobile insurance pursuant to a policy which included a supplementary uninsured/underinsured motorists (hereinafter SUM) endorsement, issued by Travelers Personal Insurance Company (hereinafter Travelers). By letter dated December 21, 2017, the appellant notified Travelers of her intention to pursue a claim for SUM benefits. By letter dated January 2, 2018, the appellant notified Travelers that she had commenced an action to recover damages for personal injuries, and again expressed her intention to pursue a claim for SUM benefits. By letter dated November 14, 2018, the appellant advised Travelers that she had settled the action for $25,000, which was the limit of the other driver's insurance policy. By letter dated November 30, 2018, Travelers disclaimed coverage on the ground that the appellant had signed a release of her claims against the other driver without its written consent. Thereafter, the appellant demanded arbitration of her claim for SUM benefits. Travelers then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the appellant's claim for SUM benefits. In an order dated March 27, 2019, the Supreme Court granted the petition.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [internal quotation marks omitted]; see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680).
Where "an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent [*2]from the insurer constitutes a breach of the insurance contract" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737; see Matter of MetLife Auto & Home v Zampino, 65 AD3d 1151, 1152-1153; Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d 933, 934). "The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737; see Matter of MetLife Auto & Home v Zampino, 65 AD3d at 1152-1153; Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d at 934).
Here, Travelers established that the appellant executed the release on November 7, 2018, without having notified Travelers of the offer to settle or having obtained written consent to the settlement and release from Travelers as required under the policy (see Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737-738; cf. Matter of Progressive Northwestern Ins. Co. v Valenti, 170 AD3d 1024, 1026). The appellant failed to demonstrate that Travelers waived the requirement of consent or acquiesced in the settlement by conduct, silence, or unreasonable delay (see Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 738; New York Cent. Mut. Fire Ins. Co. v Danaher, 290 AD2d 783, 785). Further, contrary to the appellant's contention, Travelers was not required to re-send a copy of the SUM endorsement to the appellant when it renewed the policy, since the documents sent to the appellant at the time of renewal incorporated the SUM endorsement by reference.
Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration (see Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737; Matter of MetLife Auto & Home v Zampino, 65 AD3d at 1152-1153; Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d at 934; see also Matter of Progressive Northeastern Ins. Co. v Cipolla, 119 AD3d 946, 947).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court