Matter of Travelers Home & Mar. Ins. Co. v Delgado (2023 NY Slip Op 03867)

Matter of Travelers Home & Mar. Ins. Co. v Delgado

2023 NY Slip Op 03867

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-07699
 (Index No. 2670/20)

[*1]In the Matter of Travelers Home and Marine Insurance Company, respondent,
v
Adrian Delgado, appellant.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Tina Newsome-Lee, New York, NY (Andre Del Re of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Adrian Delgado appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 8, 2020. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On June 19, 2018, a vehicle operated by Adrian Delgado was involved in a five-vehicle collision. The driver and operator of one of the other vehicles was unknown. In April 2019, Delgado served a demand upon the petitioner for arbitration of his claim for uninsured motorist benefits. In April 2020, Delgado settled his claims against Avrohom J. Brown and Hadassah Rebecca Brown (hereinafter together the Browns), who were, respectively, the owner and operator of another vehicle that was involved in the accident. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the claim for uninsured motorist benefits on the ground that Delgado violated his insurance policy by settling his claim against the Browns without obtaining the petitioner's prior consent. The Supreme Court granted the petition. Delgado appeals.
"Where 'an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract'" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696, quoting Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737). "'The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement'" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696-697, quoting Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737). "'Once the existence of a release in settlement of the relevant tort claim is established, the burden is on the insured to establish, by virtue of an express limitation in the release, or of a necessary implication arising from the circumstances of its execution, that the release did not operate to prejudice the subrogation rights of the insurer'" (Matter of State Farm Fire & Cas. Co. v McLaurin, 171 AD3d 1191, 1193, quoting Matter of Travelers Home & Mar. Ins. Co. v Kanner, [*2]103 AD3d at 738).
Contrary to Delgado's contention, the evidence submitted by the petitioner was sufficient to establish that Delgado violated his insurance policy by failing to obtain its consent prior to settling with the Browns. In opposition, Delgado did not attempt to demonstrate that the petitioner waived the requirement of consent or acquiesced in the settlement, or that the release executed by Delgado as part of the settlement did not operate to prejudice the subrogation rights of the petitioner. Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the claim for uninsured motorist benefits (see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 697; Matter of State Farm Fire & Cas. Co. v McLaurin, 171 AD3d at 1193).
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court