Matter of New S. Ins. Co. v Gordon (2024 NY Slip Op 03484)

Matter of New S. Ins. Co. v Gordon

2024 NY Slip Op 03484

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-00771
 (Index No. 719356/22)

[*1]In the Matter of New South Insurance Company, respondent, 
v
Steffon G. Gordon, appellant.

Bogoraz Law Group, P.C., Brooklyn, NY (Karine Bogoraz of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Jericho, NY (Patrick M. Murphy of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Steffon G. Gordon appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated December 9, 2022. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On December 18, 2018, Steffon G. Gordon allegedly was injured in a motor vehicle accident while a passenger in a vehicle insured by the petitioner, New South Insurance Company. Gordon subsequently made a demand for arbitration of his claim for supplementary underinsured motorist (hereinafter SUM) benefits from the petitioner. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the claim for SUM benefits. The petitioner argued, inter alia, that Gordon violated the terms of the insurance policy issued by it by failing to obtain its consent prior to settling a personal injury action against the driver/owner of the other vehicle involved in the accident. In opposition, Gordon failed to address that argument, did not dispute that he had settled the personal injury action, and did not dispute that he failed to provide the petitioner with advance notice of the settlement. The Supreme Court granted the petition. Gordon appeals.
"Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract" (Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d 688, 689 [alterations and internal quotation marks omitted]; see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696; Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737). "'The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement'" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696-697, quoting Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737).
Here, the petitioner established that Gordon failed to provide it with advance notice [*2]of the settlement and failed to obtain its written consent to the settlement as required under the insurance policy (see Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d at 689; Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 697). In opposition, Gordon failed to demonstrate that the petitioner waived the requirement of consent or acquiesced in the settlement by conduct, silence, or unreasonable delay (see Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d at 689-690; Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 697). Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the claim for SUM benefits.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court