Matter of Palisades Ins. Co. v Tappin (2024 NY Slip Op 03892)

Matter of Palisades Ins. Co. v Tappin

2024 NY Slip Op 03892

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05098
 (Index No. 604208/21)

[*1]In the Matter of Palisades Insurance Company, appellant, 
v
Kareem Tappin, respondent; Jevon Forde, et al., proposed additional respondents-respondents, et al., proposed additional respondents.

Mura Law Group, PLLC, Buffalo, NY (Roy A. Mura of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyer, Williston Park, NY (Erol Akpinar and Brian R. Davey of counsel), for proposed additional respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered May 27, 2022. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court entered November 5, 2021, in effect, denying those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents.
ORDERED that the order entered May 27, 2022, is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the order entered November 5, 2021, as, in effect, denied those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents is vacated, and thereupon, those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents are granted, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing to determine whether the vehicle owned by Jevon Forde was insured at the time of the accident and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
In the early morning of August 9, 2020, the respondent, Kareem Tappin, was operating a vehicle insured by the petitioner when it was involved in a collision at an intersection in Brooklyn. A vehicle owned by Jevon Forde (hereinafter the Forde vehicle) and insured by Liberty Mutual Insurance Company (hereinafter Liberty Mutual) allegedly ran the traffic signal at the intersection and collided with another vehicle that then collided with Tappin's vehicle. The occupants of the Forde vehicle fled the scene, leaving the vehicle behind. Liberty Mutual denied Tappin's claim for coverage on the ground that the Forde vehicle was driven by an unauthorized person at the time of the collision. Thereafter, Tappin filed a demand for uninsured motorist arbitration with the petitioner, and the petitioner commenced this proceeding pursuant to CPLR [*2]article 75 to permanently stay arbitration of the claim or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing, for joinder of the proposed additional respondents, which include, among others, Forde and Liberty Mutual, and to direct the respondent, inter alia, to produce certain records. Forde and Liberty Mutual opposed the petition, asserting that the Forde vehicle had been stolen at the time of the accident and, therefore, was not insured.
In an order entered November 5, 2021, the Supreme Court granted the petition only to the extent of staying arbitration for 60 days for the parties to complete discovery, and, in effect, denied the remaining branches of the petition. The petitioner moved for leave to reargue those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents. In an order entered May 27, 2022, the Supreme Court, inter alia, in effect, upon reargument, adhered to its prior determination, in effect, denying those branches of the petition. The petitioner appeals from the order entered May 27, 2022.
The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (see Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d 1526, 1527; Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696). Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing (see Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d at 1527; Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696). Where a triable issue of fact is raised, the Supreme Court must determine the issue at a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue (see Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938; Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1189).
Here, the documents submitted by the petitioner in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary issue justifying a temporary stay (see Matter of Global Liberty Ins. Co. of N.Y. v Kaler, 195 AD3d 826, 827; Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1189). By submitting Liberty Mutual's disclaimer letter, the petitioner established, prima facie, the existence of a policy of insurance covering the Forde vehicle at the time of the accident (see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530, 1531; see also Matter of Global Liberty Ins. Co. of N.Y. v Kaler, 195 AD3d at 827; Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1189).
The petitioner's submissions also established that several hours after the accident, an operator of the Forde vehicle reported to the police that she had parked the vehicle on the street, that she may have left the key fob inside of the vehicle, that she could not remember locking the vehicle, that the key was missing, and that the vehicle was missing when she returned to the street in the morning. Vehicle and Traffic Law § 388(1) creates a presumption that a driver uses a vehicle with the owner's express or implied permission, which may be rebutted only by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (see Murdza v Zimmerman, 99 NY2d 375, 379-380; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d at 1531). In addition, Vehicle and Traffic Law § 1210(a) provides, in relevant part, that no person in charge of a motor vehicle "shall permit it to stand unattended without first . . . locking the ignition [and] removing the key from the vehicle, . . . provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency." "When a violation of Vehicle and Traffic Law § 1210(a) is established, the victim of a vehicular theft can be held liable to those who suffer injury as a result of the thief's negligence" (Matter of Merchants Ins. Group v Haskins, 11 AD3d 694, 695; see Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d 480, 481). The documents submitted in support of the petition raised triable issues of fact as to whether the Forde vehicle was stolen, whether the key fob was left in the Forde vehicle at the time of the theft, and whether the disclaimer of coverage by Liberty Mutual was proper under the circumstances (see Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d at 481; Matter of Merchants Ins. Group v Haskins, 11 AD3d at 695). Accordingly, the Supreme Court should have conducted a framed-issue hearing on those issues before determining that branch of the petition which was to permanently stay arbitration (see Matter of Global Liberty Ins. Co. of [*3]N.Y. v Kaler, 195 AD3d at 827; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d at 1531; Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court