Matter of Progressive Cas. Ins. Co. v Lai (2026 NY Slip Op 00134)

Matter of Progressive Cas. Ins. Co. v Lai

2026 NY Slip Op 00134

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03109
 (Index No. 57050/23)

[*1]In the Matter of Progressive Casualty Insurance Company, appellant, 
vGrace Lai, respondent.

Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Morgan & Morgan (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia] of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated August 9, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.
In May 2021, the respondent allegedly sustained injuries in a two-car accident. The respondent had automobile insurance pursuant to a policy, which included a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement, issued by Progressive Casualty Insurance Company (hereinafter Progressive). Exclusion 1 of the SUM endorsement provided that SUM coverage did not apply to an insured's bodily injury if the insured or the insured's legal representatives, "without our written consent, settles any lawsuit against any person or organization that may be legally liable for such injury." Condition 9 of the SUM endorsement provided, in part, that if the insured "settles with any [negligent] party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after thirty (30) calendar days from our receipt of your written notice to us . . . . An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired."
Following the accident, the respondent commenced an action against the owner and the operator of the other vehicle (hereinafter together the tortfeasors). In February 2022, the respondent advised Progressive that she had settled the action for $100,000, which was the limit of the tortfeasors' insurance policy. By letter dated March 16, 2022, Progressive disclaimed coverage on the ground that the respondent had signed a release of her claims against the tortfeasors without its written consent.
Thereafter, the respondent demanded arbitration of her claim for SUM benefits. Progressive then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the respondent's claim for SUM benefits. In an order dated August 9, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. Progressive appeals.
"[T]he question of arbitrability is an issue generally for judicial determination in the first instance" (Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45; see Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, 174 AD3d 712, 713). "Where [an] arbitration clause is limited in scope, claims outside that scope are not deemed arbitrable" (Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 177 AD2d 695, 696; see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7).
Contrary to the respondent's contention, an arbitration clause in the policy issued to the respondent cannot be read to cover the issue of whether coverage exists due to the claimed applicability of a policy exclusion. Rather, the arbitration clause was "particular, not general," and "made arbitrable two fact issues only," that is, whether the respondent was entitled to recover from the uninsured/underinsured motorist and the amount of damages recoverable under the SUM endorsement (Matter of Rosenbaum [American Sur. Co. of N.Y.], 11 NY2d 310, 314; see Matter of Liberty Mut. Fire Ins. Co. v Rothfeld, 101 AD3d 725, 726; cf. Matter of Prudential Prop. & Cas. Ins. Co. [Hidalgo], 133 AD2d 87, 87).
"Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract" (Davis v New York Schs. Ins. Reciprocal, 224 AD3d 879, 881 [internal quotation marks omitted]; see Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d 688, 689). "When an insured settles with a tortfeasor in violation of a condition requiring his or her insurer's written consent to settle, and fails to preserve the insurer's subrogation rights, the insurer is prejudiced, and the insured is precluded from asserting a claim for underinsured motorist benefits" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 738). "'The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement'" (Matter of New S. Ins. Co. v Gordon, 228 AD3d 942, 943 [internal quotation marks omitted], quoting Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696-697; see Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d at 689).
Where, as here, the existence of a release in settlement of the relevant tort claim is established, the burden is on the insured to establish, "'by virtue of an express limitation in the release, or of a necessary implication arising from the circumstances of its execution, that the release did not operate to prejudice the subrogation rights of the insurer'" (Davis v New York Schs. Ins. Reciprocal, 224 AD3d at 881-882, quoting Matter of State Farm Fire & Cas. Co. v McLaurin, 171 AD3d 1191, 1193; see Weinberg v Transamerica Ins. Co., 62 NY2d 379, 384). Here, the respondent failed to demonstrate that Progressive waived the requirement of consent or acquiesced in the settlement by conduct, silence, or unreasonable delay (see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 697). Further, contrary to the respondent's contention, she failed to establish that the settlement and release did not operate to prejudice Progressive's subrogation rights (see id.; Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 738). The respondent did not establish that there was an express limitation in the release she executed in favor of the tortfeasors and their insurance carrier that preserved these subrogation rights (see Weinberg v Transamerica Ins. Co., 62 NY2d at 384; Davis v New York Schs. Ins. Reciprocal, 224 AD3d at 882). Moreover, the respondent did not establish that any circumstances surrounding the execution of the release gave rise to a necessary implication that the release did not operate to prejudice Progressive's subrogation rights (see Davis v New York Schs. Ins. Reciprocal, 224 AD3d at 882).
Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration.
In light of our determination, we need not reach Progressive's remaining contentions.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court