Matter of Kemper Ind. Ins. Co. v Brown (2026 NY Slip Op 00131)

Matter of Kemper Ind. Ins. Co. v Brown

2026 NY Slip Op 00131

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-05357
 (Index No. 30478/24)

[*1]In the Matter of Kemper Independent Insurance Company, respondent, 
vOlivia Brown, appellant.

Finkelstein & Partners, LLP, Newburgh, NY (George A. Kohl of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Brian Margolies of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, Olivia Brown appeals from an order of the Supreme Court, Rockland County (Hal B. Greenwald, J.), dated May 20, 2024. The order granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
Olivia Brown was involved in a motor vehicle collision in Clarkstown with a vehicle owned by William Lindeman and operated by Nancy Lindeman (hereinafter together the Lindemans). Brown's vehicle was insured by the petitioner, Kemper Independent Insurance Company (hereinafter Kemper). Subsequently, Brown asserted a claim against the Lindemans and settled the claim for the sum of $100,000 in return for a full release of all claims against them. Upon notification of the settlement, Kemper issued a letter to Brown denying her coverage for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits on the ground that the settlement was obtained without Kemper's written consent, in violation of the insurance policy's SUM endorsement. Brown then served Kemper with a notice of intention to make a claim and arbitrate with respect to her claim for SUM benefits. Kemper commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration, contending that Brown voided all her rights under the SUM endorsement when she settled with the Lindemans without Kemper's written consent. In opposition, Brown asserted that the petition was untimely under CPLR 7503(c). In an order dated May 20, 2024, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Brown appeals.
"Where an insurance policy contains an agreement to arbitrate, CPLR 7503(c) requires a party, once served with a notice of intention to arbitrate, to move to stay such arbitration within 20 days after service of such notice, or else he or she is precluded from objecting" (Matter of Great N. Ins. Co. v Schwartzapfel, 216 AD3d 781, 781; see Matter of Progressive Ins. Co. v Callahan, 232 AD3d 903, 904). However, "[w]here there is no agreement to arbitrate, a petitioner seeking a stay of arbitration is not bound by the 20-day period of limitations set forth in CPLR 7503(c)" (Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108; see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267; Matter of Progressive Ins. Co. v Callahan, 232 AD3d [*2]at 904).
"Where 'an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of the insurance contract'" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696, quoting Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737).
Here, the terms of the insurance policy's SUM endorsement stated that "[a]n insured shall not otherwise settle with any negligent party, without [Kemper's] written consent, such that [Kemper's] rights would be impaired." Kemper demonstrated that Brown executed a release on February 10, 2023, without notifying Kemper of the offer to settle or having obtained written consent to the settlement and release as required under the insurance policy (see id. at 696-697). Brown failed to demonstrate that Kemper waived the consent requirement or acquiesced to the settlement by its conduct (see Matter of New S. Ins. Co. v Gordon, 228 AD3d 942, 943; Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696-697). Thus, Brown breached the insurance policy, and there was no agreement to arbitrate (see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696; Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737).
Accordingly, since there was no agreement to arbitrate Brown's claim for SUM benefits, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d at 267; Matter of Progressive Ins. Co. v Callahan, 232 AD3d at 904).
Brown's remaining contentions are without merit.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court